IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY K. AH PUCK, JR., #A0723792,<br><br>         Plaintiff,<br><br>     v.<br><br>TRACY JONES, *et al.*,<br><br>         Defendants. | CIVIL NO. 22-00165 SOM-KJM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Hardy K. Ah Puck, Jr.'s ("Ah Puck"), and his Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2. Although the Complaint is difficult to understand, Ah Puck appears to allege that Defendants[1] violated unspecified constitutional or other federal civil rights in an ongoing state criminal case. Ah Puck's claims related to his ongoing state criminal proceedings and this action are DISMISSED without prejudice. The IFP Application is DENIED as moot.

---

[1] Ah Puck names as Defendants "Tracy Jones – Prosecutor and Intake Service," "Maui Intake Service," "Attorney General Holly Shikada," "Wailuku Ainakea Loop Jenifer as Management!" ECF No. 1 at 1.

## I. <u>SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[2]

Ah Puck is a pretrial detainee at the Maui Community Correctional Center. ECF No. 1 at 1; *see also* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," then enter "Ah Puck" in "Last Name" field and "Hardy" in "First Name" field) (last visited Apr. 14, 2022). He is awaiting trial in *State v. Ah Puck*, No. 2CPC-21-0000601 (Haw. 2d Cir. Ct.). *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "2CPC-21-0000601" in "Case ID or Citation Number" field) (last visited Apr. 14, 2022). Ah Puck's trial is scheduled to begin on May 16, 2022. *Id.*

The Court received the Complaint on April 13, 2022. ECF No. 1. Although the Complaint is difficult to understand, Ah Puck makes various allegations related to his ongoing criminal case. For example, he complains about: (1) the circumstances of his arrest; (2) various actions by the prosecutor; and (3) the

---

[2] Ah Puck's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

State's charges against him. *Id.* at 5–7. In his request for relief, Ah Puck asks for, among other things, "one zillion dollars per day for being [incarcerated]." *Id.* at 8.

### III. **DISCUSSION**

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted). The Supreme Court held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). The Ninth Circuit has held that *Younger* abstention applies regardless of whether the applicant seeks declaratory or injunctive relief, or damages. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to damages actions as to actions seeking declaratory and injunctive relief).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment

4

before federal court intervention is permitted.  *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention.  First, Ah Puck's criminal proceedings are ongoing.  *See Ah Puck*, No. 2CPC-21-0000601; *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 6220208, at *3 (D. Haw. Nov. 28, 2018) (concluding that state proceedings were ongoing because plaintiff was "awaiting prosecution on charges that were instituted before [the] action began").

Second, the State of Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings.  *See McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020) ("Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings.").

Third, there are no apparent procedural bars preventing Ah Puck from raising his various claims in his criminal proceedings, on direct appeal, or, if necessary, in a state post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.  *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196

F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide federal constitutional issues.").

Fourth, to allow this matter to proceed while the state criminal proceedings are ongoing would "interfere in a way that *Younger* disapproves." *Gilbertson*, 381 F.3d at 978. As the Ninth Circuit has stated, "interference is undoubtedly the reason for *Younger* restraint, or the end result to be avoided." *Id.* at 976–77; *see also id*. at 976 ("There is no doubt that interference with state proceedings is at the core of the comity concern that animates *Younger*."). "'[D]irect interference' is not required as a precondition for *Younger* abstention," *id.* at 978; only "*some* interference with state court proceedings is . . . necessary," *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n.9 (9th Cir. 2007). Ah Puck's claims related to his arrest, the charges against him, and the conduct of the prosecutor cannot proceed without impermissible interference with the state criminal proceedings.

Finally, nothing within the record or in the state court docket indicates that Ah Puck's state proceedings are being conducted in bad faith or that any extraordinary circumstance exists. This Court therefore abstains from interfering

6

in Ah Puck's ongoing state criminal proceedings.  This action is DISMISSED without prejudice.

### IV.  **CONCLUSION**

(1) This action is DISMISSED without prejudice.

(2) The Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, is DENIED as moot.

(3) The Clerk of Court is DIRECTED to ENTER JUDGMENT and to close the file.

IT IS SO ORDERED.

DATED:  April 15, 2022 at Honolulu, Hawaii.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge